```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

MICHAEL ATEEK,                    )
        Plaintiff,            )
                               )
        v.                     )  CIVIL ACTION NO. 11-11566-DPW
                               )
COMMONWEALTH OF MASSACHUSETTS,    )
        Defendant.             )

                       MEMORANDUM AND ORDER
                        September 27, 2011

WOODLOCK, D.J.

I.   INTRODUCTION

On September 6, 2011, plaintiff Michael Ateek ("Ateek"), a resident of Dorchester, Massachusetts, filed a civil Complaint against the Commonwealth of Massachusetts.

The Complaint is wholly unintelligible and no plausible legal claims can be discerned from Ateek's allegations. It is set forth in narrative form, but with no logical connection from one paragraph to another. In his Civil Cover Sheet attached to the Complaint (Docket No. 1-1), he states his cause of action is "injury due to negligence." From what can be gleaned from the Complaint, Ateek appears to be claiming that the Commonwealth of Massachusetts is liable for the negligent infliction of personal injuries (*i.e.*, a brain injury) upon him.[1] He asserts this injury is progressive and causes temporary incompetency. Compl. at 2. The alleged tortfeasors are not identified, nor does he

---

[1] Ateek also labels his injury as Cumulative Emotional Trauma. Compl. at 4.

set forth any specific dates, places or other germane information concerning the nature or cause of his injuries.[2] For instance, Ateek alleges that "[t]he defendant's representative sum used a knowledge of immunities to perpetrate obviously harmful activities. They initiated years of negligence and affliction from 1992 until a brain injury was strongly established in the plaintiff." *Id.*

Further in the Complaint, Ateek states:

> The series of negligent harmful actions of the defendant in representative sum began in the fall of 1990 without warning. Three employees of the Plymouth Police Department, a part of the representative sum, willfully reversed the appearance and resemblance to diplomatic privilege. They negligently reversed the political benefits to the community, and the health of the plaintiff. This group of the defendant successfully veiled harmful acts with their knowledge of immunities to injury the interests of the United States of America.

*Id.* at 4.

Finally, he states:

> The actions of the defendant continue to injure. Flaunted immunities veiled by lower echelons and directed at the plaintiff, separate and profoundly more serious than injurious mischief, have been deified by the defendant in representative sum, continually causing injury.

*Id.* at 6.

Ateek seeks $3,000,000.00 in damages for pain and suffering.

---

[2]Ateek makes reference to various dates from 1981-82 (for a hospitalization), and 1989 and 1990 to the present, but it is impossible to cull out any relevant information from the allegations.

Accompanying the Complaint, Ateek filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion for Appointment of Counsel (Docket No. 3).

II. DISCUSSION

    A.  <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Ateek's financial disclosures, I find that he lacks sufficient funds to pay the filing fee for this action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>.

    B.  <u>The Complaint is Subject to Screening</u>

Because Ateek is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter

jurisdiction, the court must dismiss the action."). *See also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

For purposes of preliminary screening, I liberally construe Ateek's Complaint because he is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a liberal construction, Ateek's Complaint must be dismissed for the reasons discussed below.

C.  <u>Lack of Subject Matter Jurisdiction; Sovereign Immunity</u>

As a threshold matter, I cannot find that Ateek's claim of negligent infliction of personal injuries state a basis for invocation of the subject matter jurisdiction of this Court under its federal question jurisdiction. *See* 28 U.S.C. § 1331.[3]

---

[3]Federal district courts have original jurisdiction over "federal question" cases. A federal question "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir. 1998). A claim arises under federal law within the meaning of § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of a plaintiff's complaint.

Moreover, there is nothing pled from which I could infer that diversity jurisdiction exists, as the parties are not diverse. *See* 28 U.S.C. § 1332.[4]

As an additional matter, the Commonwealth of Massachusetts is immune from a suit for monetary damages in this Court. "The Eleventh Amendment bars actions in federal courts claiming damages against a state and its agencies unless the state has consented to be sued in federal court." *Boulais v. Commonwealth of Mass.*, 2002 WL 225936 at *1 (D. Mass. 2002)(citations omitted).[5] *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 (1996); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)(unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,... a State cannot be sued directly

---

*Viqueira*, 140 F.3d at 17. Here, Ateek's claims of negligence (a state tort) do not present any federal questions.

[4]District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00  28 U.S.C. § 1332(a).  Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

[5]The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

in its own name regardless of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781 (1978) (*per curiam*) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002)("[T]here has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity"). Nothing in Ateek's allegations could be reasonably construed as presenting claims as to which the Commonwealth of Massachusetts has waived its sovereign immunity to suit in federal court.[6]

D. <u>Failure to State Plausible Claims Upon Which Relief May Be Granted</u>

Even if I had jurisdiction over this action, this case cannot proceed as pled because Ateek's Complaint materially fails to comport with the pleading requirements of Rules 8 and 10 of

---

[6]Even if I were to construe Ateek's allegations as raising (directly and not via supplemental jurisdiction) a claim under the Massachusetts Tort Claims Act ("MTCA") based on negligence of state employees, I still would have no jurisdiction over this case, because the Commonwealth of Massachusetts has not waived its sovereign immunity under the MTCA to suit in federal court (as jurisdiction is conferred on the state superior court). *See Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003)("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."); *Rivera v. Massachusetts*, 16 F. Supp. 2d 84-87-88 (D. Mass. 1998)(citing *Irwin v. Comm'r of Dep't of Youth Servs.*, 338 Mass. 810, 448 N.E.2d 721, 727 (1983)(answering question certified by the United States District Court for the District of Massachusetts, to the effect that jurisdiction conferred on the superior court under the MTCA, Mass. Gen. Laws ch. 258, § 3 is exclusive).

6

the Federal Rules of Civil Procedure.

Rule 10 of the Federal Rules of Civil Procedure governs the form of pleadings, and requires a party to state its claims or defenses in numbered paragraphs limited to a single set of circumstances. Fed. R. Civ. P. 10(b). Here, as noted above, Ateek's Complaint is in narrative form.

More importantly, however, the Complaint fails to comply with the requirements of Rule 8(a), requiring a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004)(quoting *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). *See Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005); *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)("... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why.").

Here, as noted above, Ateek's Complaint is unintelligible, and fails to set forth the necessary "who, what, when, where, and why" information to state plausible claims upon which relief may be granted. Notwithstanding that Ateek is proceeding *pro se* and lacks legal skills, he bears the burden to set forth claims in a manner that would permit the defendant a meaningful opportunity to file a response. A plaintiff must plead more than a mere allegation that the defendant has harmed him [or her]. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" quoting *Twombly*, 550 U.S. at 555).[7]

---

[7] While I must liberally construe Ateek's Complaint, I cannot fashion his claims for him. "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." *Terrance v. Cuyahoga County*, 2005 WL 2491531 at *1 (N.D. Ohio 2005) *citing Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with pro se complaints). Such an exercise by the Court would "'require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Terrance*, 2005 WL 2491531 at *1, *quoting Beaudett*, 775 F.2d at 1278. *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs,.... alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted."). "[The] failure to identify a particular legal theory ... places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it

Without belaboring the point, I find that the Complaint fails to state any plausible claim against the Commonwealth of Massachusetts. Accordingly, apart from the problem of lack of subject matter jurisdiction, this action also is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    E.    <u>The Motion For Appointment of Counsel</u>

Ateek seeks appointment of counsel because he is indigent and does not know any attorneys who will take his case, although he has attempted to obtain counsel. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.* To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the Court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. *Id.* at 24.

---

and the defenses it might assert in response to each of these possible causes of action." *Terrance*, 2005 WL 2491531 at *1.

While Ateek may be unable to afford counsel, given my finding that this action must be dismissed for lack of subject matter jurisdiction and failure to state a plausible claim upon which relief may be granted, there is no *bona fide* basis for the appointment of pro bono counsel, and the use of the scarce pro bono resources of this Court.

Accordingly, Ateek's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u>.

III. CONCLUSION

Based on all of the above, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2. Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u>; and

3. This action is <u>DISMISSED</u> in its entirety.

SO ORDERED.

<u>/s/ Douglas P. Woodlock</u>
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE